**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Sharon Fleming,** | § | |
|     *Plaintiff* | § | |
| **v.** | § | |
| | § | |
| | § | **Case No. 1:24-cv-00660-DAE** |
| **Ulta Salon, Cosmetics & Fragrance, Inc.;** | § | |
| **Gateway Square, LLC; Washington Prime** | § | |
| **Management Associates, LLC; and** | § | |
| **WPG Texas Properties, LLC,** | § | |
|     *Defendants* | § | |

## ORDER

Before the Court are Plaintiff's Motion for Entry of Amended Docket Control Order and to Extend Deadlines (Dkt. 34) and First Amended Motion to Extend Motion for Summary Judgment Response[ ] Deadline (Dkt. 35), both filed January 27, 2026; Defendants Gateway Square LLC and Washington Prime Management Associates, LLC's Response to both motions, filed February 5, 2026 (Dkt. 36); and Defendant Ulta Salon, Cosmetics & Fragrance, Inc.'s Response to Plaintiff's motion to extend deadlines, also filed February 5, 2026 (Dkt. 37).[1] Plaintiff did not file a reply brief in support of either of her motions.

Plaintiff filed this case in state district court in Travis County, Texas on March 14, 2024, and it was removed to this Court on June 13, 2024. Dkt. 1. On October 21, 2024, the Court issued an agreed scheduling order setting April 21, 2025 as the deadline for Plaintiff's expert designation and July 21, 2025 as the deadline to complete discovery. Dkt. 10 ¶¶ 5, 7.

Plaintiff's pending motion is her third over the past eleven months seeking more time for her expert to inspect the premises at issue. Dkts. 17, 22, 34. By Text Order entered April 22, 2025, the District Court granted Plaintiff a 63-day extension of the expert deadline, until June 23, 2025.

---

[1] The Honorable David A. Ezra referred the motions to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 38 at 2.

But the site inspection never happened. Plaintiff offers no explanation for the yearlong delay, making only the conclusory allegations that her expert "has not been allowed access to conduct his examination" and Defendants refuse to provide workable dates. Dkt. 34 at 3; Dkt. 35 at 2. In response, Defendants submit evidence that they attempted to accommodate Plaintiff but she delayed inspection requests until near the end of each deadline and sought relief from the Court rather than continuing to work to reach agreement. Plaintiff offers no rebuttal to this evidence.

Under Rule 16(b)(4), a scheduling order may be modified after a deadline has passed "only for good cause and with the judge's consent." The Court first considers Plaintiff's explanation for her failure to timely move to modify the scheduling order.

To satisfy the Rule 16(b)(4) good cause standard, the movant must show that the deadlines could not have reasonably been met despite the diligence of the party needing the extension. *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Diligence is the most important factor. *BigCommerce, Inc. v. S&O Inc.*, No. 1:24-cv-00121-SH, 2025 WL 882701, at *2 (W.D. Tex. Mar. 3, 2025) ("The most important factor bearing on the 'good cause' inquiry under Rule 16(b)(4) is whether the party seeking to modify the scheduling order can show that it has been diligent in pressing its claims but despite its diligence could not reasonably have met the scheduling deadline.") (citation omitted).

The Court finds that Plaintiff has not acted with diligence in seeking expert discovery. Her repeated delays in requesting inspection and lack of explanation for the long delays weigh heavily against reopening discovery.

Plaintiff obliquely addresses the second good cause factor, the importance of the modification, by asserting that her expert will evaluate the subject premises for "the unreasonably dangerous condition it posed to Plaintiff on the date of this incident" and Defendants' claim of "exceptions

2

such as necessary use and distractions." Dkt. 35 at 3. Ulta responds that the inspection will have no bearing on the merits of its motion for summary judgment predicated on its lack of control of the property. Dkt. 37 at 3. Gateway Square and Washington Prime Management respond that Plaintiff has already visited the property and produced photographs of the scene, which were included in their first motion for summary judgment. Dkt. 24 at 2; Dkt. 24-1; Dkt. 36 at 1 n.1.

The Court finds that because the inspection may bear on the issues presented, the second factor favors reopening discovery. The Court also finds, however, that Plaintiff's extreme delay and lack of diligence in pursuing inspection under the first factor outweigh the importance of the modification and preclude a finding of good cause.[2]

Because Plaintiff has not shown good cause to reopen expert discovery, her Motion for Entry of Amended Docket Control Order and To Extend Deadlines (Dkt. 34) and First Amended Motion to Extend Motion for Summary Judgment Response[ ] Deadline (Dkt. 35) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

**SIGNED** on March 10, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff does not address the remaining two good cause factors: potential prejudice in allowing the modification and availability of a continuance to cure such prejudice. *Gibson v. United States*, No. 1:18-CV-626-RP, 2021 WL 6617723, at *1 (W.D. Tex. Mar. 15, 2021).